**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOUTH FARMINGDALE WATER DISTRICT,<br><br>    Plaintiff,<br><br> -against-<br><br>UNITED STATES OF AMERICA, and DEPARTMENT OF THE NAVY<br><br>    Defendants. | **Complaint for a Civil Case**<br><br>Case No. |

## Nature of the Action

1. This is an action brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§9601-9675 ("CERCLA"). Plaintiff South Farmingdale Water District ("SFWD") seeks recovery against defendants United States of America and the United States Department of the Navy ("Navy"), in their capacities as prior owners and/or operators, of response costs incurred and to be incurred in connection with the disposal and release of hazardous substance(s) at or from the Naval Weapons Industrial Reserve Plant, located on approximately 105 acres in Bethpage, New York, in the east-central Nassau County near the intersection of South Oyster Bay Road and the Long Island Railroad tracks (hereinafter referred to as the "Site"). The Site is contiguous to approximately 605 acres of property also located in Bethpage, New York that is owned, or formerly owned, by Northrop Grumman Corporation a/k/a Northrop Grumman Systems Corporation, and/or its predecessors in interest. Hazardous substance(s) released and disposed of at the Site during the time the defendants owned and/or operated the Site threaten public water supply wells owned and operated by Plaintiff.

## Jurisdiction and Venue

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. §§ 9607(a) and 9613(b).

3. The Court has authority to issue a declaratory judgment concerning the rights and liabilities of the parties pursuant to 42 U.S.C. § 9613(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 9613(b) because the Site is located in this district and the disposal and release of the hazardous substances occurred in this district. In addition, the defendants conduct and/or have conducted business in this district.

## The Parties

5. The plaintiff is a "person", as that term is defined in Section 101(21) of CERCLA, 42 U.S.C. §9601(21), that has incurred and continues to incur necessary costs of "response", as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

6. Plaintiff SFWD is a municipal corporation located at 40 Langdon Road, Farmingdale, New York, that provides potable water to customers located within its district.

7. The defendants are the United States of America, and the Navy, which is a department of the United States that previously owned and/or operated the Site.

8. Both of the defendants are a "person" as that term is defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## Factual Background and Allegations

9. SFWD owns and operates public water supply wells and associated facilities and equipment, including SFWD Plant Nos 3 and 6, public supply wells 3-1 and 6-2.

10. From approximately 1933 to 1998, the Navy owned and/or operated the Site and certain volatile organic compounds were disposed of and/or released at the Site during that time.

11. Some of the volatile organic compounds released at the Site are "hazardous substances" within the meaning of CERCLA, 42 U.S.C. § 9601(14). These include including 1,4-dioxane and 1,1,1-trichloroethane (commonly referred to as TCA).

12. Without appropriate treatment and/or replacement, the volatile organic compounds released at and migrating from the Site has and will continue to contaminate the SFWD's public supply wells 3-1 and 6-2.

13. In response to defendants' release of hazardous substances at the Site, plaintiff has incurred, and will continue to incur, treatment, monitoring and assessment costs in an effort to

protect its water supply, and will incur additional costs to design, construct, install and maintain treatment facilities adequate to address hazardous substances that emanate from the Site.

**FIRST CLAIM FOR RELIEF**
**(CERCLA RESPONSE COST)**

14. Plaintiff repeats and realleges the allegations contained herein.

15. Defendants were, at the time when hazardous substances were disposed of and/or released at the Site, the "owner" and/or "operator" of the Site within the meaning of Sections 101(20)(A) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20(A), 9607(a)(2).

16. The Site is a "facility" within the meaning of section 101 (9) of CECLA, 42 U.S.C. § 9601(9).

17. The acts and/or omissions of defendants with regard to the volatile organic compounds used at the Site constituted a "release" and "disposal" of "hazardous substances" at or from the Site within the meaning of Sections 101(14) and (22) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(14) and (22), 9607(a)(2).

18. The costs incurred by plaintiff in connection with the defendants' disposal and/or release of hazardous substances at and from the Site were necessary and reasonable and incurred in a manner consistent with the federal National Contingency Plan.

19. The defendants are strictly liable, on a joint and several basis, as owners and/or operators of the Site, under Section 107(a)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(2), for all costs incurred and to be incurred by plaintiff in response to the disposal and/or release of hazardous substances at and from the Site.

## SECOND CLAIM FOR RELIEF
## (DECLARATORY RELIEF)

20.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 above.

21.     An actual, substantial legal controversy now exists between plaintiffs and defendants, in that plaintiffs contend that defendants are liable to plaintiffs for cost recovery under CERCLA Section 107(a) for response costs incurred and to be incurred, in connection with hazardous substances releases at and emanating from the Site. Defendants contest this liability.

22.     A declaration of the rights and obligations of the parties pursuant to 42 U.S.C. § 9613(g)(2), binding in any subsequent action or actions to recover all further response costs by plaintiff, is appropriate and in the interests of justice in that an early determination of this controversy will avoid multiplicity of litigation and will provide assurance that plaintiff will be reimbursed so they will be able to take appropriate response actions to continue to protect the public water supply.

## Prayer for Relief

WHEREFORE, plaintiff prays for judgment against the defendants;

A.     Awarding plaintiff's response costs pursuant to CERCLA plus such response costs as plaintiff may be required to incur in the future, including interest;

B.     Declaring that the defendants are liable to plaintiff for the necessary environmental response costs incurred and to be incurred in the future in connection with the disposal and/or release of hazardous substances at and from the Site;

C.     Awarding interests, costs and disbursements of this action; and

D.     Granting plaintiff such other relief as the Court deems just and proper.

Dated: April 11, 2022                    Respectfully submitted,

                                         */s/ Matthew K. Edling*
                                         Matthew K. Edling

                                         MATTHEW K. EDLING
                                         matt@sheredling.com
                                         **SHER EDLING LLP**
                                         100 Montgomery St. Suite 1410
                                         San Francisco, CA 94104
                                         Tel:  (628) 231-2500
                                         Fax:  (628) 231-2929


                                         *Attorneys for Plaintiff*
                                         *South Farmingdale Water District*