UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

SOUTH FARMINGDALE WATER DISTRICT,

                    Plaintiff,                         CV-2:22-__2051____
                                                        Civil Action

   - against -

UNITED STATES OF AMERICA and
DEPARTMENT OF THE NAVY,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## CONSENT JUDGMENT

WHEREAS, South Farmingdale Water District, a municipal corporation located at 40

Langdon Road, Farmingdale, New York 11735 ("SFWD"), has asserted that the United States

of America ("United States") and the Department of the Navy ("Navy") are liable under the

section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act

("CERCLA"), 42 U.S.C. § 9607, and related legal theories, for costs SFWD has and/or will

incur for response actions to address a groundwater plume located upgradient of and/or

currently impacting SFWD's Plants No. 3-1 and 6-2;

WHEREAS, SFWD alleges that Plumes of groundwater contaminated with volatile

organic compounds ("VOCs"), 1,4-dioxane and other contaminants may be migrating, in part,

from the former Naval Weapons Industrial Reserve Plant ("NWIRP") Bethpage, and from the

Former Northrop-Grumman Site, as defined herein, as well as potentially from other third-

party sites, in Bethpage, New York, towards SFWD's Plants No. 3-1 and 6-2;

1

WHEREAS, in 2015 a Consent Judgment in *South Farmingdale Water District v. United States of America et al.*, 2:15-CV-85 (Feuerstein, J.) ("2015 Consent Judgment") between SFWD and the United States resolved SFWD's claims for funding a wellhead treatment system that SFWD designed, constructed, operated and maintained for treatment of certain VOCs at SFWD Plant No. 3-1 and established a process whereby the United States would pay SFWD the future costs of operating that system;

WHEREAS, as of December 31, 2021, the United States has paid to SFWD over $5.38 million pursuant to the 2015 Consent Judgment related to SFWD Plant No. 3-1, including capital costs and operation and maintenance of technologies for VOC treatment;

WHEREAS, in relation to impacts from 1,4 dioxane, SFWD has designed, constructed, operated and maintained additional wellhead systems for treatment of VOCs and 1,4-dioxane at SFWD Plants No. 3-1 and 6-2;

WHEREAS, SFWD intends to continue operating Plants No. 3-1 and 6-2 as public water supply wells;

WHEREAS, the Parties have negotiated a settlement for the United States to pay a portion of the capital costs for, and operation and maintenance of, the wellhead treatment systems at SFWD Plants No. 3-1 and 6-2, to resolve any potential claims for associated Replacement Wells, and to resolve any potential claims under the 2015 Consent Judgment;

WHEREAS, the Parties resolve this matter without further litigation and without a litigated resolution or admission by either Party as to any remaining issues of fact or law;

WHEREAS, the Parties enter into this Consent Judgment voluntarily and mutually agree to undertake all actions required of them by the terms and conditions of this Consent Judgment; and

2

WHEREAS, the Parties agree, and the Court finds, that this Consent Judgment is fair, reasonable, lawful and in the public interest.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

## I. JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 9613(b), and also has personal jurisdiction over the Parties. Solely for the purposes of this Consent Judgment and the underlying complaint, the United States waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District.

## II.     PARTIES BOUND

2.     The Parties.  The Parties to this Consent Judgment are the South Farmingdale Water District ("SFWD") and the United States of America ("United States").

3.     Application of this Consent Judgment.  This Consent Judgment shall apply to, be binding upon, and inure to the benefit of SFWD and the United States (collectively "the Parties").  This Consent Judgment shall not extend to or inure to the benefit of any party, person or entity other than the Parties, and nothing in this Consent Judgment shall be construed to make any person or entity not executing this Consent Judgment a third-party beneficiary to this Consent Judgment.

## III.     EFFECTIVE DATE

4.     Effective Date.  The Effective Date of this Consent Judgment shall be the date on which this Consent Judgment is entered by the Court.

3

## IV.   DEFINITIONS

5.   <u>Definitions</u>.  Unless otherwise expressly provided herein, terms used in this Consent Judgment which are defined in CERCLA or its implementing regulations shall have the meaning assigned to them in CERCLA or its implementing regulations.  Whenever the terms listed below are used in this Consent Judgment, the following definitions shall apply:

"2015 Consent Judgment" shall refer to the negotiated agreement entered in the United States District Court for the Eastern District of New York, CV-15-85, between SFWD and the United States regarding the costs of wellhead treatment systems at SFWD Plant 3-1 and related operation and maintenance costs.

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-75.

"Covered Matters" shall mean (a) any and all past and future claims, known or unknown, for Response Costs or any other form of relief under any provision of federal, state or common law, including but not limited to CERCLA, state statute or regulation, contract, torts, equity or common law that were, could now be, or hereafter could be asserted against the United States arising from or relating to the Covered Substances and/or the Plumes, including disposal, release or threatened release of any Covered Substances at the NWIRP-Bethpage or the Former Grumman Site with respect to Plant No. 3-1 and Plant No. 6-2, and (b) the remaining obligations of the United States under the 2015 Consent Judgment..

"Covered Substances" shall mean all substances identified by NYSDEC as contaminants of concern for the Former Grumman Site and the NWIRP- Bethpage in the 2019 Amended Record of Decision (including, but not limited to, 1,4-dioxane and TCA) as well as

4

any per- and polyfluoroalkyl substances ("PFAS"), and any other substances that SFWD knew or should have known of at the time of execution of this Consent Judgment.[1]

"Day" shall mean a calendar day. In computing any period of time under this Consent Judgment, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next day that is not a Saturday, Sunday or federal holiday.

"Effective Date" shall mean the date the Court enters this Consent Judgment.

"Electronic Funds Transfer" shall mean the transfer of funds via FedWire pursuant to federal procedures for such a transfer and in accordance with account information provided by SFWD.

"EPA" shall mean the United States Environmental Protection Agency.

"Former Grumman Site" shall mean the approximately 500 acres of property located in Bethpage, New York in east-central Nassau County that is owned, or formerly owned, by Northrop Grumman, including the 18-acre parcel that is now the Bethpage Community Park and the former Plant 24 Access Road, bounded generally by Stewart Avenue to the north, Central Avenue to the south, Route 107 to the southwest, and South Oyster Bay Road to the west.

"Navy" shall mean United States Department of the Navy.

"Northrop Grumman" shall mean Northrop Grumman Systems Corporation, formerly known as Northrop Grumman Corporation, and/or its predecessors and/or successors in

---

[1] The use of this definition does not constitute an admission by the United States that the contaminants identified in NYSDEC's 2019 Amended Record of Decision were released at the NWIRP.

5

interest, parent companies, subsidiaries, and all related entities, and their officers, employees and agents.

"NWIRP-Bethpage" shall mean the former Naval Weapons Industrial Reserve Plant ("NWIRP") located on approximately 105 acres in Bethpage, New York in east-central Nassau County near the intersection of South Oyster Bay Road and the Long Island Railroad tracks.

"NYSDEC" shall mean the New York State Department of Environmental Conservation, and any successor agency or official of the State of New York.

"Paragraph" shall refer to an enumerated paragraph or sub-paragraph of this Consent Judgment.

"Plant No. 3-1" shall refer to the SFWD public supply well 3-1 located at Hicksville – Massapequa Road.

"Plant No. 6-2" shall refer to the SFWD public supply well 6-2 located at Hicksville – Massapequa Road (north of the Southern State Parkway), and, for purposes of this Consent Judgment, shall not refer to public supply well 6-1, which is found at the same plant.

"Plumes" shall mean groundwater contaminated with volatile organic compounds, 1,4-Dioxane and any Covered Substances that may have and/or may be migrating, in any degree, from the former NWIRP Bethpage, and from the Former Grumman Site, as well as potentially from other third-party sites, towards SFWD's public water supply wells.

"Replacement Wells" shall mean any wells previously installed, being installed or that are installed in the future by or on behalf of or for SFWD as replacement water supply wells for Plants No. 3-1 and/or 6-2, including but not limited to related investigations, studies, reports, test wells, permit applications, acquisition or lease or real property, storage tanks,

6

new transmission lines, improvement of existing transmission lines, well houses, and/or site improvements.

"Response Costs" shall mean any and all past, present and future costs that SFWD has incurred or may incur for the planning, design, construction, operation and maintenance of the systems for the treatment of groundwater (including any increase in operation and maintenance costs due to any change in standards or levels of Covered Substances) at SFWD Plants No. 3-1 and 6-2.

"SFWD" shall mean the South Farmingdale Water District, its affiliates, predecessors, parent companies, subsidiaries, and all related entities, which is a Town Law Article 13 Commissioner Elected Special Improvement District that provides water to customers and/or residents living within the SFWD, and any successor.

"United States" shall mean the United States of America, including all of its departments, branches, agencies, instrumentalities, components, and successors, including, but not limited, to the United States Department of the Navy, and their officers, employees and agents.

## V. PAYMENT

6.   Payment for Capital, Operation and Maintenance of Public Supply Well Treatment Systems.

a.   As soon as reasonably practicable after the Effective Date of this Consent Judgment, the United States agrees to pay to SFWD the amount of $15,500,000 which resolves the Covered Matters.

b.   Payment shall be in the form of Electronic Funds Transfer in accordance with instructions provided by SFWD.

7.    Compliance with the Anti-Deficiency Act.  All payment obligations by the United States under this Consent Judgment are subject to the availability of appropriated funds applicable for that purpose.  No provision of this Consent Judgment shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-44 and 1511-19, or any other applicable provision of law.

## VI.    COVENANTS BY PARTIES

8.    Releases and Covenants Not to Sue.

a.    Upon the Effective Date, SFWD forever releases, discharges, covenants not to sue, and agrees not to assert any claims, causes of action, suits or demands of any kind whatsoever in law or in equity which they may have had, or hereafter have, against the United States, or its officers, contractors, or employees, with respect to the Covered Matters, including but not limited to claims under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613; Section 7002 of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972; tort claims, or any common law claims.

b.    The release in the preceding Paragraph 8.a does not apply if the United States defaults on its payment obligations, as set forth in Paragraph 6.

c.    The United States hereby covenants not to sue SFWD and releases, surrenders, and forever discharges any claims and causes of action against SFWD arising out of or in connection with Covered Matters, except that:  (i) the United States specifically reserves its right to assert against SFWD any claims or causes of action brought on behalf of EPA or a federal natural resources trustee; and (ii) nothing in this Consent Judgment shall constitute or be construed as a waiver, limitation or release of any claims or causes of action by the United

8

States to enforce any federal laws or regulations at or in connection with SFWD Plants No. 3-1 and 6-2 or related Replacement Wells. In addition, the Parties specifically reserve the right to seek judicial enforcement of the terms of this Consent Judgment.

d.      Nothing in this Consent Judgment shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Judgment. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Judgment may have under applicable law.

e.      Each of the Parties expressly reserves any and all rights (including, but not limited to, any right of contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Covered Matters and/or this Consent Judgment against any person not a Party hereto (except as noted in subsection f). Nothing in this Consent Judgment diminishes the right of the United States, pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), to pursue any such persons to obtain response costs and to enter into settlements that give rise to contribution protection under Section 113(f)(2).

f.      For the avoidance of doubt, this Consent Judgment provides contribution protection against tort claims to the United States to the fullest extent of the law, including under New York General Obligations Law ("GOL") Section 15-108. Consistent with GOL Section 15-108(c), the United States waives any contribution rights it may have against any tortfeasor involved in any claim covered by this Consent Judgment.

g.      SFWD agrees to cooperate in and support in good faith any challenges to this Consent Judgment, including any asserted by other defendants in litigation involving the Covered Matters. SFWD agrees to cooperate in and support any action needed to dismiss any

claims against the United States, in any related actions, including under GOL Section 15-108 with respect to the Covered Matters.[2]

     h.     The United States and SFWD shall file a joint motion / stipulation to terminate the 2015 Consent Judgment after the Effective Date of this Consent Judgment.

## VII.    INDEMNIFICATION & CLAIM PROTECTION

9.    Indemnification by SFWD.

     a.     SFWD agrees to indemnify, save, and hold harmless the United States and its officials, agents, employees, contractors, subcontractors, or representatives for or from any and all past, present or future claims and/or causes of action, including, but not limited to, personal injury or property damage claims, arising from, or on account of, negligent or other wrongful acts or omissions of SFWD, its officers, directors, employees, agents, contractors, subcontractors, representatives, and any person acting on its behalf or under its control, with respect to construction and/or operation of treatment systems at SFWD Plants No. 3-1 and 6-2 or any Replacement Wells. Further, SFWD agrees to pay the United States all actual costs that it incurs, including, but not limited to, attorneys' fees and other direct and indirect litigation and settlement costs, arising from, or on account of, claims and/or causes of action asserted against the United States based on negligent or other wrongful acts or omissions of SFWD, its officers, directors, employees, agents, contractors, subcontractors, representatives, and any person acting on its behalf or under its control, with respect to construction and/or operation of treatment systems at SFWD Plants No. 3-1 and 6-2 or any Replacement Wells. The United States shall not be held out as a party to any contract entered into by or on behalf of SFWD with respect to and/or carrying out construction and/or operation of treatment

---

[2] This would include challenges to third-party claims against the United States in *South Farmingdale Water District v. The Dow Chemical Company, et al.*, Case No. 2:19-cv-01404-NG-RLM (E.D.N.Y.).

systems at SFWD Plants No. 3-1 and 6-2 or any Replacement Wells.  Neither SFWD nor any contractor or subcontractor shall be considered an agent or representative of the United States.

b.        SFWD also agrees to indemnify and hold harmless the United States with respect to any and all claims and/or causes of action for damages or reimbursement arising from or on account of contract, agreement, or arrangement between SFWD and any person or entity with respect to construction and/or operation of treatment systems at SFWD Plants No. 3-1 and 6-2 and any Replacement Wells.

c.        The United States shall give SFWD reasonable notice of any claim for which it plans to seek indemnification pursuant to this Paragraph, and shall consult with SFWD prior to settling any such claim.

10.     Protection Against Claims.

a.        The Parties acknowledge and agree, and the Court finds, that the payments to be made by the United States pursuant to Paragraph 6 of this Consent Judgment represent a good faith compromise of disputed claims and that the compromise represents a fair, reasonable, equitable and complete resolution of matters related to SFWD Plants No. 3-1 and 6-2 and any Replacement Wells.

b.        The Parties agree, and by entering this Consent Judgment the Court finds, that the United States is entitled, as of the Effective Date of this Consent Judgment, to contribution protection pursuant to CERCLA section 113(f), 42 U.S.C. § 9613(f), GOL Section 15-108, the Uniform Comparative Fault Act, or as may be otherwise provided by law, for the Covered Matters.

11

## VIII.   GENERAL PROVISIONS

11.    Complete Agreement.   This Consent Judgment contains the complete agreement between the Parties regarding the subject matter addressed herein and fully supersedes all prior contracts, agreements, understandings, negotiations or discussions, oral or written, relating to the subject matter hereof.  There are no warranties, representations, agreements or understandings, oral or written, relating to the subject matter hereof that are not fully expressed or provided for herein.

12.    Modification.   This Consent Judgment shall not be modified or amended except by mutual written consent of the Parties.

13.    Headings.  Any section and paragraph headings in this Consent Judgment are provided solely as a matter of convenience to the reader and shall not be construed to alter the meaning of any paragraph or provisions of this Consent Judgment.

14.    Governing Law.   This Consent Judgment shall be governed and interpreted in accordance with United States federal law.

15.    Successors and Assigns.

a.    This Consent Judgment shall be binding on any successors and assigns of the Parties, including, but not limited to, any entity that acquires title to the SFWD public supply wells that are the subject of this Consent Judgment.  Any change of ownership, corporate or other legal status of any Party to this Consent Judgment, including, but not limited to, a transfer of assets or real or personal property, shall in no way alter the obligations of any of the Parties under this Consent Judgment.

b.    SFWD shall provide notice to the United States within thirty (30) days after the effective date of any change in corporate, municipal, or other legal status.

12

16.    Effect of Execution and Entry of Consent Judgment.

a.     This Consent Judgment was negotiated and executed by the Parties in good faith and at arm's length and is a fair and equitable compromise of claims that were contested. This Consent Judgment shall not constitute or be construed as an admission of liability by any Party or as an admission of violation of any law, rule, regulation or policy by any Party. Furthermore, this Consent Judgment shall not constitute or be construed as an admission or denial by any Party with respect to any factual allegation set forth by SFWD or with respect to any factual or legal issue that was, or could have been, raised during the litigation.

b.     Upon the Effective Date, this Consent Judgment shall be in effect and shall constitute a final judgment between the Parties with respect to the Covered Matters, and this action, entitled South Farmingdale Water District v. United States of America et al., No. CV-_____, shall be dismissed with prejudice.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

17.    No Use As Evidence.  This Consent Judgment shall not be admissible as evidence in any proceeding other than: (i) an action, cross-claim, or counterclaim brought by the Parties to enforce this Consent Judgment; (ii) an action, cross-claim, or counterclaim brought by the United States against third parties to recover costs pursuant to sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613; or (iii) any proceeding where the United States seeks to establish that it is entitled to contribution protection.

18.    Non-Parties to This Consent Judgment.  Nothing in this Consent Judgment is intended to be, nor shall be construed as a waiver, release or covenant not to sue for any claim or cause of action, administrative or judicial, in law or in equity, which the Parties may have against

any person, firm, partnership, trust, corporation, or any other entity that is not a Party to this Consent Judgment.

19.     Retention of Jurisdiction. This Court retains jurisdiction over both the subject matter of this Consent Judgment and the Parties for the purpose of enabling any Party to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Judgment, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with the provisions of this Consent Judgment.

20.     Notices. Whenever, under the terms of this Consent Judgment, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided herein. Notices addressed to the Parties shall be sent by reliable means of transmission with a certified confirmation of receipt to the sender.

For the United States:

        Matthew Silverman
        Chief, Environmental Litigation, Civil Division
        United States Attorney's Office
        Eastern District of New York
        271 Cadman Plaza East, 7th Floor
        Brooklyn, NY 11201
        Re:  USAO File No. 2020V01715

Chief, Environmental Defense Section
United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044
Re:  DOJ Case No. 90-11-6-19792

**For overnight mail only**:
Chief, Environmental Defense Section
United States Department of Justice
150 M Street, N.E.
Suite 4.400
Washington, DC  20002
Re:  DOJ Case No. 90-11-6-19792

Commanding Officer
Naval Facilities Engineering Command Mid-Atlantic
9324 Virginia Avenue
Norfolk, Virginia 23511-3095
Attention:  Capt. Gordon E. Meek, III

For SFWD:

Superintendent
South Farmingdale Water District
40 Langdon Road
Post Office Box 3319
Farmingdale, NY 11735

Matthew K. Edling
Katie Jones
Sher Edling LLP
100 Montgomery St., Ste. 1410
San Francisco, CA 94104

21.     <u>Original Counterparts.</u>  This Consent Judgment may be executed in any number of original counterparts, each of which shall be deemed to constitute one agreement.  The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

15

22.     <u>Representative Authority</u>.  Each signatory to this Consent Judgment hereby certifies that s/he has been duly authorized to enter into this Consent Judgment by the Party on whose behalf the signatory indicates s/he is signing.

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of

<u>South Farmingdale Water District v. United States of America</u>:

**For the United States of America:**

Environment and Natural Resources Division
United States Department of Justice
Post Office Box 23986
Washington, D.C.  20026-3986

BREON PEACE
United States Attorney
Eastern District of New York

By: _____ /s/ MATTHEW SILVERMAN _____          Dated: _____ 4/7/22 _____
Digitally signed by MATTHEW SILVERMAN Date: 2022.04.07 10:38:07 -04'00'

Matthew Silverman
Diane C. Leonardo
Thomas R. Price
Assistant United States Attorneys
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East, 7th Floor.
Brooklyn, NY 11201

17

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of

South Farmingdale Water District v. United States of America:

**South Farmingdale Water District:**

By: _____          Dated: _3/11/2022_
    Superintendent
    South Farmingdale Water District
    40 Langdon Road
    Post Office Box 3319
    Farmingdale, NY 11735


By: _____          Dated: _____March 4, 2022_____
    Matthew K. Edling
    Katie Jones
    Sher Edling LLP
    100 Montgomery St., Ste. 1410
    San Francisco, CA 94010
    Attorneys for South Farmingdale Water District


IT IS SO ORDERED:

_____          Dated: _____
Honorable
United States District Judge

18